IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PHILLIP ANDERSON,<br>(Counts 1 and 2)<br><br>K'LA HARGROVE,<br>a/k/a "BB,"<br>(Counts 1 and 2)<br><br>DAMIEN GRIFFIN,<br>a/k/a "Wink,"<br>(All Counts)<br><br>and<br><br>ANTHONY BROCKINGTON,<br>a/k/a "Ant,"<br>(All Counts)<br><br>Defendants. | **UNDER SEAL**<br><br>Criminal No. 1:24-cr-196<br><br>Count 1: 18 U.S.C. § 1201(c)<br>(Conspiracy to Kidnap)<br><br>Count 2: 18 U.S.C. §§ 1201(a)(1) & 2<br>(Kidnapping)<br><br>Count 3: 18 U.S.C. §§ 922(i) & 2<br>(Interstate Transportation of a Stolen Firearm)<br><br>Forfeiture Notice |

**INDICTMENT**

September 2024 Term – at Alexandria

COUNT ONE
(Conspiracy to Kidnap)

THE GRAND JURY CHARGES THAT:

Between on or about December 30, 2023, and on or about January 1, 2024, in Arlington, Virginia, within the Eastern District of Virginia, and elsewhere, the defendants, PHILLIP ANDERSON, K'LA HARGROVE, a/k/a "BB," DAMIEN GRIFFIN, a/k/a "Wink," and ANTHONY BROCKINGTON, a/k/a "Ant," using means, facilities, and instrumentalities of interstate commerce, did knowingly combine, conspire, confederate, and agree with each other,

and with others known to the Grand Jury, to unlawfully and willfully seize, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom, reward, or otherwise VICTIM-1, in violation of Title 18, United States Code, Section 1201(a)(1).

## WAYS, MANNER, AND MEANS OF THE CONSPIRACY

The purpose of the conspiracy was to obtain personal property from VICTIM-1. The conspiracy was carried out through the following ways, manner, and means, among others:

1. It was part of the conspiracy that conspirators played different roles, took upon themselves different tasks, and participated in the affairs of the conspiracy through various criminal acts.

2. It was further part of the conspiracy that conspirators identified VICTIM-1 as an individual who they could kidnap and rob.

3. It was further part of the conspiracy that conspirators forced entry into VICTIM-1's home in Arlington, Virginia, in order to kidnap and rob him.

4. It was further part of the conspiracy that conspirators transported VICTIM-1 to the District of Columbia and held him at a residence located there.

5. It was further part of the conspiracy that conspirators traveled in interstate commerce and used means, facilities, and instrumentalities of interstate commerce to accomplish the conspiracy's objective.

## OVERT ACTS

In furtherance of the conspiracy and to effect the object thereof, the defendants and their co-conspirators committed overt acts in the Eastern District of Virginia and elsewhere, including, but not limited to, the following:

1. On or about December 30, 2023, defendants ANDERSON, HARGROVE, GRIFFIN, and BROCKINGTON traveled to VICTIM-1's home in Arlington, Virginia, within the Eastern District of Virginia, in a blue 2000 Chevrolet Express G1500 van bearing license plate number TZE7420 (the "Blue Van") and a silver BMW bearing license plate number TPF9087.

2. On or about December 30, 2023, defendant HARGROVE entered VICTIM-1's home under false pretenses for the purpose of facilitating the ensuing kidnapping and robbery.

3. On or about December 30, 2023, while defendant HARGROVE was in VICTIM-1's home, defendants ANDERSON, GRIFFIN, and BROCKINGTON, along with co-conspirators known to the Grand Jury, forcibly entered VICTIM-1's home.

4. On or about December 30, 2023, defendants ANDERSON, GRIFFIN, and BROCKINGTON, along with co-conspirators known to the Grand Jury, forced VICTIM-1 out of his home and into the Blue Van.

5. On or about December 30, 2023, defendants ANDERSON, HARGROVE, GRIFFIN, and BROCKINGTON, along with co-conspirators known to the Grand Jury, transported VICTIM-1 from his home in Arlington, Virginia, to a residence located in the District of Columbia (the "Trap House").

6. On or about December 30, 2023, through at least on or about January 1, 2024, defendants ANDERSON, GRIFFIN, and BROCKINGTON, along with co-conspirators known to the Grand Jury, forcibly held VICTIM-1 at the Trap House against his will while they physically restrained and assaulted him.

7. On or about December 31, 2023, defendants ANDERSON, GRIFFIN, and BROCKINGTON forced VICTIM-1 to transfer $7,000 from VICTIM-1's Navy Federal bank

account to a Navy Federal bank account that was owned by a co-conspirator known to the Grand Jury but not indicted (hereinafter, "UCC-1").

8. On or about December 31, 2023, defendant GRIFFIN caused UCC-1 to transfer approximately $3,000 of VICTIM-1's money from UCC-1's Navy Federal bank account to another Navy Federal bank account owned by an associate of UCC-1 (hereinafter, the "Associate").

9. On or about December 31, 2023, defendant GRIFFIN caused UCC-1 to transfer an additional approximately $3,554 of VICTIM-1's money from UCC-1's Navy Federal bank account to the Associate's Navy Federal bank account.

10. On or about January 1, 2024, defendant GRIFFIN and UCC-1 caused the Associate to transfer to UCC-1 via CashApp a total of approximately $1,000.00.

11. On or about January 1, 2024, defendant GRIFFIN and UCC-1 additionally caused the Associate to incrementally withdraw via ATM a total of approximately $1,033.50 in cash from the Associate's Navy Federal bank account.

12. In or around January 2024, defendant GRIFFIN and UCC-1 caused the Associate to give UCC-1 the $1,033.50 in cash described in the previous Overt Act.

13. On or about December 30, 2023, while VICTIM-1 was being held at the Trap House, defendant GRIFFIN used VICTIM-1's credit card at a McDonald's restaurant in the District of Columbia.

14. On or about December 31, 2023, while VICTIM-1 was being held at the Trap House, defendant GRIFFIN used VICTIM-1's credit card at a gas station in in the District of Columbia.

15. On or about December 31, 2023, while VICTIM-1 was being held at the Trap House, defendant GRIFFIN used VICTIM-1's credit card to place two DoorDash orders for food to be delivered, one to the Trap House and one to UCC-1.

16. On or about December 31, 2023, while VICTIM-1 was being held at the Trap House, defendants GRIFFIN and BROCKINGTON, along with co-conspirators known to the Grand Jury, traveled from the District of Columbia to VICTIM-1's home in Arlington, Virginia, where they broke into a safe containing firearms belonging to VICTIM-1.

17. On or about December 31, 2023, defendants GRIFFIN and BROCKINGTON, along with co-conspirators known to the Grand Jury, removed multiple firearms belonging to VICTIM-1 from the safe, including a Keltec pistol bearing serial number JPG29.

18. On or about December 31, 2023, defendants GRIFFIN and BROCKINGTON, along with co-conspirators known to the Grand Jury, transported the firearms stolen from VICTIM-1 from Arlington, Virginia, to the District of Columbia.

(All in violation of Title 18, United States Code, Section 1201(c).)

## COUNT TWO
(Kidnapping)

THE GRAND JURY FURTHER CHARGES THAT:

Between on or about December 30, 2023, and on or about January 1, 2024, in Arlington, Virginia, within the Eastern District of Virginia, and elsewhere, the defendants, PHILLIP ANDERSON, K'LA HARGROVE, a/k/a "BB," DAMIEN GRIFFIN, a/k/a "Wink," and ANTHONY BROCKINGTON, a/k/a "Ant," did unlawfully and willfully seize, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom, reward, or otherwise VICTIM-1, and, in committing or in furtherance of the commission of the offense, did willfully transport VICTIM-1 in interstate commerce and did travel in interstate commerce from the Commonwealth of Virginia to the District of Columbia, and did use means, facilities, and instrumentalities of interstate commerce.

(In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.)

## COUNT THREE
(Interstate Transportation of a Stolen Firearm)

THE GRAND JURY FURTHER CHARGES THAT:

On or about December 31, 2023, in Arlington, Virginia, within the Eastern District of Virginia, and elsewhere, defendants DAMIEN GRIFFIN, a/k/a "Wink," and ANTHONY BROCKINGTON, a/k/a "Ant," did knowingly transport and ship in interstate commerce, from the Commonwealth of Virginia to the District of Columbia, a stolen firearm, that is, a Keltec pistol bearing serial number JPG29, knowing and having reasonable cause to believe the firearm was stolen.

(In violation of Title 18, United States Code, Sections 922(i) and 2.)

<u>FORFEITURE NOTICE</u>

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE FOR FORFEITURE AS DESCRIBED BELOW:

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendants, PHILLIP ANDERSON, K'LA HARGROVE, a/k/a "BB," DAMIEN GRIFFIN, a/k/a "Wink," and ANTHONY BROCKINGTON, a/k/a "Ant," are hereby notified that, if convicted of an offense alleged in Count One and Count Two of this Indictment, they shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendants, PHILLIP ANDERSON, K'LA HARGROVE, a/k/a "BB," DAMIEN GRIFFIN, a/k/a "Wink," and ANTHONY BROCKINGTON, a/k/a "Ant," are hereby notified that, if convicted of any of the counts alleged in this Indictment, they shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition used in or involved in the violation.

The property subject to forfeiture includes, but is not limited to, the following firearms:

| Manufacturer | Type | Serial Number |
|---|---|---|
| Keltec | Pistol | JPG29 |

Pursuant to 21 U.S.C. § 853(p), the defendants, PHILLIP ANDERSON, K'LA HARGROVE, a/k/a "BB," DAMIEN GRIFFIN, a/k/a "Wink," and ANTHONY BROCKINGTON, a/k/a "Ant," shall forfeit substitute property, if, by any act or omission of the defendants, PHILLIP ANDERSON, K'LA HARGROVE, a/k/a "BB," DAMIEN GRIFFIN, a/k/a "Wink," and ANTHONY BROCKINGTON, a/k/a "Ant," the property referenced above cannot

be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(Pursuant to Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(p); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.)

A TRUE BILL

*Pursuant to the E-Government Act, The original of this page has been filed under seal in the Clerk's Office*

FOREPERSON

Jessica D. Aber
United States Attorney

By: _____
Sehar F. Sabir
Cristina C. Stam
Assistant United States Attorneys

9